1  Brett Locker (CSB No. 173083)
   Blocker@slgl-law.com
2  SCHLEY LOOK GUTHRIE & LOCKER LLP
   311 East Carrillo Street, Suite D
3  Santa Barbara, California 93101
   Telephone: (805) 966-2985
4  Facsimile: (805) 966-2280

5  Attorney for Plaintiffs Andrew Freeman, Freeman
   Automotive (UK) Limited, and EBC Brakes USA, Inc.



FILED
CLERK, U.S. DISTRICT COURT

NOV 30 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

6

7

8            IN THE UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11

12  ANDREW FREEMAN, FREEMAN          Case No. **CV10-9189** (DMG (JEMx))
    AUTOMOTIVE (UK) Limited, and EBC
13  BRAKES USA, INC.,                **COMPLAINT FOR TRADEMARK
                                     INFRINGEMENT; FALSE
14              Plaintiffs,          ADVERTISING; UNFAIR
                                     COMPETITION; TRADEMARK
15  v.                              DILUTION; CYBERSQUATTING;
                                     CONVERSION**
16  TODD HARDING, KIM HARDING,
    WINNING PERFORMANCE PRODUCTS,    **DEMAND FOR JURY TRIAL**
17  INC., dba DIPLOMAT PACKAGING
    COMPANY, HAWK CORPORATION, dba   Complaint Filed:
18  WELLMAN PRODUCTS GROUP and       Assigned to:
    HAWK PERFORMANCE and DOES 1-10,  Dept.:
19  inclusive

20              Defendants.

21

22

23        Andrew Freeman, Freeman Automotive (UK) Limited and EBC Brakes USA, Inc. bring

24  this Complaint against the defendants named above for injunctive relief and for damages to

25  remedy the defendants' infringement of the plaintiffs' United States Patent and Trademark

26  Office ("USPTO" )-registered and common law/unregistered trademarks, the defendants' unfair

27  and unlawful competition, false advertising, cybersquatting and conversion.

28  ///

                                              1

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1051 and et seq., 15 U.S.C. § 1125(c) et seq., 15 U.S.C. § 1125(d) et seq., 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a). Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to the plaintiffs' claims occurred in this district and because Defendant Winning Performance Products, Inc., DBA Diplomat Packaging Company maintains its principal place of business in this district.

Plaintiffs ANDREW FREEMAN, FREEMAN AUTOMOTIVE (UK) LIMITED, EBC BRAKES USA, INC. herein allege as follows:

### INTRODUCTION

1.     This action is based upon textbook examples of trademark infringement, unfair competition and cybersquatting. The defendants sought to jumpstart their entrance into the business of selling aftermarket/replacement motorcycle (and related motor vehicle) brake parts products (a) by adopting product identifiers that are intentionally confusingly similar derivatives of the plaintiffs' trademarks, (b) by illegally placing their (the defendants') trademarks on products manufactured by the plaintiffs and using such falsely and illegally designated products in connection with the intentional confusion of consumers in connection with the promotion of the defendants' products, (c) by stealing the plaintiffs' domain address and (d) by making false representations about themselves and about the plaintiffs.

### PARTIES

2.     Plaintiff Mr. Andrew Freeman is, and at all times relevant hereto was, a resident of Northampton, United Kingdom.

3.     Plaintiff Freeman Automotive (UK) Limited is, and all times herein mentioned was, a limited company incorporated in the United Kingdom in accordance with the laws of the United Kingdom, with its principal place of business located in Northampton, United Kingdom.

4.     Plaintiff EBC Brakes USA, Inc. is, and all times since March 20, 2009, was a California Corporation with its principal place of business located in Sylmar, within the City of Los Angeles, County of Los Angeles, California. Plaintiff Mr. Andrew Freeman, Plaintiff

2

Freeman Automotive (UK) Limited and Plaintiff EBC Brakes USA, Inc. are referred to herein as the "Freeman Parties" and sometimes as "Plaintiffs".

5.      Plaintiffs are informed and believe that Defendant Todd Harding ("Mr. Harding") is, and at all times relevant hereto was, a resident of Kern County, California, and an owner and officer of Defendant Winning Performance Products, Inc., DBA Diplomat Packaging Company.

6.      Plaintiffs are informed and believe that Defendant Kim Harding ("Mrs. Harding") is, and at all times relevant hereto was, a resident of Kern County, California, and an owner and officer of Defendant Winning Performance Products, Inc., DBA Diplomat Packaging Company.

7.      Plaintiffs are informed and believe that Defendant Winning Performance Products, Inc., DBA Diplomat Packaging Company ("Diplomat") is, and at all times herein mentioned was, a California corporation, with its principal place of business in the City of Los Angeles, County of Los Angeles, within the State of California.

8.      Plaintiffs are informed and believe that Defendant Hawk Corporation ("Hawk") is a corporation formed in an unknown jurisdiction, with its principal place of business located in Solon, Ohio, that conducts business under the fictitious business names "Wellman Products Group" and "Hawk Performance". Plaintiffs are informed and believe that, although Hawk is presently engaged in business in California, it has not qualified with the California Secretary of State to conduct business within this State.

9.      Plaintiffs are unaware of the true names, residences or forms of businesses of the unnamed Defendants identified herein as Does 1-100.

10.     Plaintiffs are informed and believe that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was, and now is, acting within the scope of that agency.

## BACKGROUND

11.     The Freeman Parties are in the business of manufacturing, designing and selling superior quality aftermarket / replacement brake and clutch parts for motorcycles, all terrain

3

vehicles and other motor vehicles. The Freeman Parties also manufacture parts for original equipment manufacturers ("OEMs"), though such parts manufactured by the Freeman Parties are not distinguished by any of the Freeman Parties' trademarks when they are sold to the general public as factory-installed elements of original equipment manufacturer-manufactured ("OEM-manufactured") motor vehicles.

12.     Since approximately 1982, the Freeman Parties have spent the equivalent of hundreds of thousands of dollars on the analysis and testing of commercially available motorcycles and parts manufactured by and / or for third parties and sold under the trademarks / brand names Harley Davidson, Honda, Yamaha, Kawasaki, Triumph and others, in order to develop various schema whereby particular brake products manufactured by the Freeman Parties safely and reliably may be used as aftermarket and/or replacement parts for particular motor vehicles and models of motor vehicles manufactured by these various manufacturers.

13.     In some instances, the Freeman Parties' brake products may be interchanged safely and reliably for the OEM-manufactured parts of only one make or model of motorcycle. In some instances, the Freeman Parties' brake products may be interchanged safely and reliably for the OEM-manufactured parts of more than one model of vehicle manufactured by a single manufacturer. And in some cases, a particular brake product manufactured by the Freeman Parties may be interchanged safely and reliably for the OEM-manufactured parts of more than one brand of motorcycle.

14.     In or about 1978 in the United Kingdom, and in or about 1982 in the United States, the Freeman Parties first began to use a family of distinctive alphanumeric trademarks (the "FA Family Trademarks") to distinguish their products from their competitors' products, and to identify the Freeman Parties as the source of such products. Each of the FA Family Trademarks begins with the letters "F" and "A" (*as in* "Freeman Automotive"), and is followed by 2 or 3 numerical digits which are entirely arbitrary when viewed in connection with the respective products distinguished thereby.

15.     The Freeman Parties have sold more than thirty million sets of motorcycle brake products in the United States, and substantially every such set has been distinguished by one of

4

1   the FA Family Trademarks. [The sales referenced in this paragraph 15 *exclude* OEM parts

2   manufactured by the Freeman Parties for OEMs.] Consequently, the Freeman Parties have

3   created significant source-identifying goodwill between the various FA Family Trademarks and

4   the Freeman Parties' brake products distinguished thereby.

5        16.    The Freeman Parties have expended exhaustive efforts to test their brake

6   products to ensure that all products that the Freeman Parties distinguish with any of the FA

7   Family Trademarks are safe, reliable and appropriate for use as replacement parts on the

8   vehicles for which they are intended to be used.

9        17.    As a result of the combination of the Freeman Parties' extensive testing and

10  analysis of commercially available motor vehicles and their constituent parts, the Freeman

11  Parties' successful engineering and manufacturing of superior aftermarket / replacement brake

12  products, the Freeman Parties' prolific sales over a sustained period of brake products

13  distinguished by the FA Family Trademarks, the Freeman Parties' exemplary and unblemished

14  record and reputation for performance, safety and reliability, the extensive patronage and usage

15  by American consumers of the Freeman Parties' brake products and other factors, the relevant

16  segment of American consumers have come to associate the FA Family Trademarks with the

17  performance, safety and reliability of the Freeman Parties' products  - which performance,

18  safety and reliability the relevant brake products-consuming public understands to have resulted

19  from the Freeman Parties' unique and extensive engineering and manufacturing experiences.

20  From 1982 to 2010, the Freeman Parties have spent in excess of the equivalent of US

21  $2,000,000 on designing and testing their products to ensure public safety. (These expenditures

22  *exclude* all costs not directly related to ensuring that the products identified and distinguished by

23  the FA Family Trademarks are safe.)

24       18.    During the years 2007, 2008, 2009 and 2010 (alone), the Freeman Parties

25  expended more than US $4,000,000 on promoting consumer association of the FA Family

26  Trademarks with the Freeman Parties and their products.

27       19.    Plaintiffs are informed and believe that beginning in the year 2010, Defendants

28  set upon a course whereby they have intentionally attempted to confuse consumers as to the

5

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

source and nature of their products. In furtherance of this scheme, Defendants began to use confusingly similar derivations of the FA Family Trademarks to identify their motorcycle brake products and took the other actions described in greater detail, *below*. Such actions materially mislead consumers by falsely suggesting that such products originate from, or are otherwise endorsed by, the Freeman Parties.

20.    Plaintiffs are informed and believe that Defendants' products have not undergone adequate testing to conform to the exhaustive and exacting safety standards that the relevant purchasing public has come to understand and expect from products distinguished by the FA Family Trademarks. Accordingly, by adopting a system of identifying their products with marks derived from the FA Family Trademarks, Defendants are not only free-riding upon the Plaintiff's goodwill; Defendants are also falsely advertising their products by affixing misleading representations of safety standard designations to their products. Such practices endanger consumers and the general public because the natural and probable consequence of the consuming public's use of misbranded (and quite probably) inferior brake products is the unanticipated decreased effectiveness of the consumers' braking systems.

21.    Defendants are informed and believe that Defendant Mr. Harding and Defendant Mrs. Harding are, and at all times relevant to this action were, equity owners and officers of Defendant Diplomat.

22.    Prior to March 2009, Defendant Diplomat provided certain limited contractual services for Plaintiffs. Such services related primarily to the packaging, storage and distribution of the Freeman Parties' products.

23.    During the course of the contractual relationship between the Freeman Parties and Diplomat, Allkleer Computer Systems (a third party that is not a party to this action), as agent for the Freeman Parties, procured and registered the domain address, *www.ebcbrakesusa.com*. Thereafter, the Freeman Parties and Diplomat (for the sole and exclusive benefit of the Freeman Parties) used the subject domain address for the distribution of the Freeman Parties' products within the United States.

///

24.     The subject domain name, "*www.ebcbrakesusa.com*," includes the Freeman Parties' United States Patent and Trademark Office-registered trademarks, USPTO Reg. Nos. 1,845,542 and 3,369,177 for "EBC". True and correct copies of the USPTO Registration Certificates for USPTO Reg. Nos. 1,845,542 and 3,369,177 for "EBC" are attached hereto as Exhibit "A".

25.     The contractual arrangement between the Freeman Parties and Diplomat was terminated by a Termination and Mutual Release Agreement dated June 25, 2009.

## FIRST CAUSE OF ACTION

### (Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)

26.     Plaintiffs incorporate the allegations of paragraphs 1 through 25 above in this First Cause of Action as though fully set forth herein.

27.     The Freeman Parties have sold over thirty million sets of motorcycle brake products that have been distinguished by the FA Family Trademarks, which are valid, arbitrary and distinctive trademarks.

28.     The Freeman Parties own the FA Family Trademarks.

29.     These distinctive trademarks have been used substantially exclusively and continuously by and / or for the benefit of the Freeman Parties since 1978 in the United Kingdom and since 1982 in the United States, and continue today, to distinguish goods manufactured by the Freeman Parties, and to identify the Freeman Parties as their source.

30.     Defendants have adopted a scheme of identifying their goods with confusingly similar derivations of the Freeman Parties' trademarks, using the precise numeric portions of the FA Family Trademarks to identify Defendants' similar parts. Plaintiffs are informed and believe that these actions were taken by Defendants with the intention of confusing consumers as to the source of Defendants' products and / or falsely suggesting that Defendants' products have been endorsed by the Freeman Parties. Plaintiffs are informed and believe that Defendants' actions create a strong likelihood of confusion by suggesting a relationship between Defendants' goods and the Freeman Parties.

///

7

31.    The Freeman Parties' goods and Defendants' goods travel within the same and / or related trade channels. Moreover, the Plaintiffs' and the Defendants' respective products are sold within the same geographic territory, namely the United States. These factors contribute to the likelihood of consumer confusion.

32.    Defendants' use, as alleged above, of marks and designations derived from the FA Family Trademarks were and are done without Plaintiffs' consent.

33.    Defendants' use, as alleged above, of marks and designations derived from the FA Family Trademarks were and are infringements of Plaintiffs' trademark, to Plaintiffs' general damage.

34.    Defendants' use, as alleged above, of marks and designations derived from the FA Family Trademarks are likely to cause injury to the business reputation of Plaintiffs and are likely to dilute the distinctive quality of Plaintiffs' trademarks.

35.    Defendants have used and continue to use marks and designations derived from the FA Family Trademarks to identify their goods for the purpose of enhancing the commercial value of their goods and in order to solicit purchases of such goods.

36.    Plaintiffs are informed and believe and thereon allege that as a proximate result of advantage accruing to Defendants' business from Plaintiffs' advertising, sales and consumer recognition and as a proximate result of the confusion, mistake and deception, or any combination thereof, caused by Defendants' solicitation and sale of their goods and services bearing marks and designations derived from the FA Family Trademarks, Defendants have made profits in unknown amounts to be determined in the course of this action.

37.    As a proximate result of advantage accruing to Defendants' businesses from Plaintiffs' advertising, sales and consumer recognition, and as a proximate result of the confusion, mistake and deception caused by Defendants' solicitation and sale of their goods bearing marks and designations derived from the FA Family Trademarks, Plaintiffs have been deprived of substantial sales in amounts be determined in the course of this action.

38.    The Defendants threaten to, and will unless enjoined and restrained by order of this Court, continue to conduct business and affairs, and advertise and provide products, all with

8

1   the described intent, for the described purposes and by the described means, whereby they are

2   likely to and will, mislead and deceive members of the general public into the belief that the

3   business, affairs and products of Defendants are related to or endorsed by the Plaintiffs.

4         39.    Unless defendants are enjoined by this Court, the actions and conduct of

5   Defendants and each of them, as described in this First Cause of Action will cause great and

6   irreparable injury to Plaintiffs and the general public since (a) pecuniary compensation cannot

7   afford Plaintiffs adequate relief for the loss of potential customers, for the damage to the

8   distinctiveness of the FA Family Trademarks and for the damage to Plaintiffs' reputation that

9   Plaintiffs have proximately suffered and would continue to proximately suffer as a result of

10   Defendants' conduct, and (b) the public would not be afforded any remedy for the deception and

11   confusion caused by Defendants' actions. In addition, unless Defendants are enjoined by this

12   Court, in view of the continuing and unrepentant nature of Defendants' conduct, Plaintiffs will

13   be required to file numerous civil actions for damages, leading to a multiplicity of judicial

14   proceedings.

15         40.    The aforementioned acts of Defendants are and were willful, fraudulent and

16   malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount

17   appropriate to punish Defendants and deter others from engaging in similar misconduct.

18                           **SECOND CAUSE OF ACTION**

19        **(Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)**

20         41.    Plaintiffs incorporate the allegations of paragraphs 1 through 40 above in this

21   Second Cause of Action as though fully set forth herein.

22         42.    On or before April 26, 2010, Defendants obtained six sets of brake pads

23   manufactured by the Freeman Parties. When Defendants first obtained the subject brake pads,

24   these products were distinguished by the Freeman Parties' FA Family Trademarks. However, in

25   order to deceive the public, confuse consumers as to the source of Defendant's products, create

26   the false impression of endorsement of Defendants and Defendants' products by the Freeman

27   Parties and in order to cause damage to the Plaintiffs, Defendants removed and / or obscured all

28   evidence of the FA Family Trademarks from the subject brake pads and repackaged such brake

9

COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION

1  pads in Hawk-branded packaging.

2       43.    Immediately thereafter, acting expressly on behalf of themselves and Hawk, Mr.

3  Harding and Mrs. Harding circulated to an unknown number of third parties, including, but not

4  limited to, multiple persons that were / are professionally employed within the dominant trade

5  channels for motorcycle and other motor vehicle parts, a photograph of the brake pads that had

6  been manufactured by the Freeman Parties, but that the Defendants had repackaged so as to be

7  falsely designated as having been manufactured by or for Hawk (the "False Designation of

8  Source Pads"). A true and correct copy of the photograph described in this paragraph 43 is

9  attached as Exhibit "B" to this Complaint.

10      44.    In order to deceive consumers and members of the relevant purchasing public,

11 Defendants affixed to the False Designation of Source Pads product identification numbers that

12 were confusingly similar to (and plainly derived from) the FA Family Trademarks; namely

13 HP188HH, HP146, HP84X, HP188, HP84R and HP145HH.

14      45.    Plaintiffs are informed and believe that Defendants, in performing the acts

15 described in paragraphs 42, 43 and 44, above, intended to cause consumer confusion by

16 suggesting either (a) that the products depicted in the photograph attached as Exhibit "B" were

17 manufactured by the Freeman Parties for Hawk – but to be sold at discount prices, or (b) that the

18 products depicted in the referenced photograph were manufactured by Hawk, when, in fact, they

19 were manufactured by the Freeman Parties.

20      46.    The False Designation of Source Pads identified in Defendants' photograph as

21 Hawk-manufactured part number "HP188HH" are actually sintered metal brake pads that were

22 manufactured in the Freeman Parties' Ohio plant. When such pads originally were obtained by

23 Hawk's agents, these pads were distinguished by the Freeman Parties' FA188 HH trademark.

24 Plaintiffs are informed and believe that Hawk's agents removed and/or obscured this source-

25 identifying trademark in connection with the repackaging of the subject goods and Defendants'

26 commercial, promotional and advertising uses.

27      47.    By creating and disseminating the photograph attached as Exhibit "B" to this

28 Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

1  following trademark: FA188HH.

2  48.  The False Designation of Source Pads identified in Defendants' photograph as

3  Hawk-manufactured part number "HP146" are actually an organic disc pad set that was

4  manufactured in the Freeman Parties' Bristol UK facility. When this pad set originally was

5  obtained by Hawk's agents, the pads were distinguished by the Freeman Parties' FA146

6  trademark. Plaintiffs are informed and believe that Hawk's agents removed and / or obscured

7  this source-identifying trademark in connection with the repackaging of the subject goods and

8  Defendants' commercial, promotional and advertising uses.

9  49.  By creating and disseminating the photograph attached as Exhibit "B" to this

10  Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

11  following trademark: FA146.

12  50.  The False Designation of Source Pads identified in Defendants' photograph as

13  Hawk-manufactured part number "HP84X" are actually a carbon metallic disc pad set that was

14  manufactured by or for the Freeman Parties. When this pad set originally was obtained by

15  Hawk's agents, the pads were distinguished by the Freeman Parties' FA84X trademark.

16  Plaintiffs are informed and believe that Hawk's agents removed and / or obscured this source-

17  identifying trademark in connection with the repackaging of the subject goods and Defendants'

18  commercial, promotional and advertising uses.

19  51.  By creating and disseminating the photograph attached as Exhibit "B" to this

20  Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

21  following trademark: FA84X.

22  52.  The False Designation of Source Pads identified in Defendants' photograph as

23  Hawk-manufactured part number "HP188" are actually an organic disc pad set that was

24  manufactured by or for the Freeman Parties. When this pad set originally was obtained by

25  Hawk's agents, the pads were distinguished by the Freeman Parties' FA188 trademark.

26  Plaintiffs are informed and believe that Hawk's agents removed and / or obscured this source-

27  identifying trademark in connection with the repackaging of the subject goods and Defendants'

28  commercial, promotional and advertising uses.

11

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

1    53.    By creating and disseminating the photograph attached as Exhibit "B" to this

2    Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

3    following trademark: FA188.

4    54.    The False Designation of Source Pads identified in Defendants' photograph as

5    Hawk-manufactured part number "HP84R" are actually a sintered metal un-ground pad set that

6    was manufactured in the Freeman Parties' Ohio plant. When this pad set originally was obtained

7    by Hawk's agents, the pads were distinguished by the Freeman Parties' FA 84 R trademark.

8    Plaintiffs are informed and believe that Hawk's agents removed and / or obscured this source-

9    identifying trademark in connection with the repackaging of the subject goods and Defendants'

10   commercial, promotional and advertising uses.

11   55.    By creating and disseminating the photograph attached as Exhibit "B" to this

12   Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

13   following trademark: FA84R.

14   56.    The False Designation of Source Pads identified in Defendants' photograph as

15   Hawk-manufactured part number "HP145HH" are actually sintered metal brake pads that were

16   manufactured in the Freeman Parties' Ohio plant. When these pads originally were obtained by

17   Hawk's agents, the pads were distinguished by the Freeman Parties' FA145HH trademark.

18   Plaintiffs are informed and believe that Hawk's agents removed and / or obscured this source-

19   identifying trademark in connection with the repackaging of the subject goods and Defendants'

20   commercial, promotional and advertising uses.

21   57.    By creating and disseminating the photograph attached as Exhibit "B" to this

22   Complaint, Defendants infringed upon the Freeman Parties common law trademark rights to the

23   following trademark: FA145HH.

24   58.    Defendants have committed, and on information and belief, continue to commit,

25   the trademark infringements described in this Second Cause of Action to identify their goods for

26   the purpose of enhancing the commercial value of their goods and in order to solicit purchases

27   of such goods.

28   ///

12

59.    Plaintiffs are informed and believe and thereon allege that as a proximate result of advantage accruing to Defendants' business from Plaintiffs' actions as described in this Second Cause of Action, Defendants have made profits in unknown amounts to be determined in the course of this action.

60.    As a proximate result of advantage accruing to Defendants' businesses from Plaintiffs' advertising, sales and consumer recognition, and as a proximate result of the confusion, mistake and deception caused by Defendants' actions as described in this Second Cause of Action, Plaintiffs have been deprived of substantial sales in amounts be determined in the course of this action.

61.    Plaintiffs are informed and believe that the Defendants threaten to and will, unless enjoined and restrained by order of this Court, continue to commit trademark infringements and deceptive practices as described in this Second Cause of Action, all with the described intent, for the described purposes and by the described means, whereby they are likely to and will, mislead and deceive members of the general public into the belief that the business, affairs and products of Defendants are related to or endorsed by the Plaintiffs.

62.    The actions and conduct of Defendants and each of them, as described in this Second Cause of Action have caused great and irreparable injury to Plaintiffs and the general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions.

63.    Unless Defendants are enjoined by this Court, the actions and conduct of Defendants and each of them, as described in this Second Cause of Action will continue to cause great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary compensation could not afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and/or the damage to Plaintiffs' reputation that Plaintiffs would proximately suffer from continued acts such as these, and (b) the

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION; TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

1  public is not afforded any remedy for the deception and confusion caused by Defendants'

2  actions. In addition, unless Defendants are enjoined by this Court, in view of the unrepentant

3  and continuing nature of Defendants' conduct, in order to obtain relief, unless the Court enjoins

4  this behavior, Plaintiffs will be required to file numerous civil actions for damages, leading to a

5  multiplicity of judicial proceedings.

6      64.     The aforementioned acts of Defendants were willful, fraudulent and malicious.

7  Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

8  punish Defendants and deter others from engaging in similar misconduct.

9                          **THIRD CAUSE OF ACTION**

10     **(Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)**

11     65.     Plaintiffs incorporate the allegations of paragraphs 1 through 64 above in this

12  Third Cause of Action as though full set forth herein.

13     66.     Defendants have committed and continue to commit trademark infringement

14  through the unauthorized use and dissemination of a document entitled Hawk Performance Price

15  Sheet, a true and correct copy of which is attached to this Complaint as Exhibit "C".

16     67.     By committing the acts described in this Third Cause of Action, Defendants

17  infringe upon the Freeman Parties common law trademark rights to the following trademarks:

18  FA78, FA94, FA140, FA196, FA200, FA201, FA209, FA216, FA244, FA261, FA345, FA347,

19  FA381, FA387, FA400, FA409, FA424, FA434, FA457, and FA458.

20     68.     Plaintiffs are informed and believe these actions were undertaken in order to

21  deceive members of the relevant purchasing public, confuse consumers as to the source of

22  Defendant's products, create the false impression of endorsement of Defendants and

23  Defendants' products by the Freeman Parties and in order to cause damage to the Plaintiffs.

24     69.     Defendants' continued use of the document attached as Exhibit "C", with its

25  wrongful use of confusingly similar marks, damages the distinctiveness of the Freeman Parties'

26  trademarks.

27     70.     Defendants have committed, and on information and belief, continue to commit,

28  the trademark infringements described in this Third Cause of Action to identify their goods for

1   the purpose of enhancing the commercial value of their goods and in order to solicit purchases

2   of such goods.

3       71.   Plaintiffs are informed and believe and thereon allege that as a proximate result

4   of advantage accruing to Defendants' business from Plaintiffs' actions as described in this Third

5   Cause of Action, Defendants have made profits in unknown amounts to be determined in the

6   course of this action.

7       72.   As a proximate result of advantage accruing to Defendants' businesses from

8   Plaintiffs' advertising, sales and consumer recognition, and as a proximate result of the

9   confusion, mistake and deception caused by Defendants' actions as described in this Third

10   Cause of Action, Plaintiffs have been deprived of substantial sales in amounts be determined in

11   the course of this action.

12       73.   Plaintiffs are informed and believe that the Defendants threaten to and will,

13   unless enjoined and restrained by order of this Court, continue to commit trademark

14   infringements and deceptive practices as described in this Third Cause of Action, all with the

15   described intent, for the described purposes and by the described means, whereby they are likely

16   to and will, mislead and deceive members of the general public into the belief that the business,

17   affairs and products of Defendants are related to or endorsed by the Plaintiffs.

18       74.   The actions and conduct of Defendants and each of them, as described in this

19   Third Cause of Action have caused great and irreparable injury to Plaintiffs and the general

20   public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of

21   potential customers, the damage to the distinctiveness of the referenced trademarks and the

22   damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the

23   public is not afforded any remedy for the deception and confusion caused by Defendants'

24   actions.

25       75.   Unless Defendants are enjoined by this Court, the actions and conduct of

26   Defendants and each of them, as described in this Third Cause of Action will continue to cause

27   great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary

28   compensation could not afford Plaintiffs adequate relief for the loss of potential customers, the

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION; TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

1    damage to the distinctiveness of the referenced trademarks and/or the damage to Plaintiffs'

2    reputation that Plaintiffs would proximately suffer from continued acts such as these, and (b) the

3    public is not afforded any remedy for the deception and confusion caused by Defendants'

4    actions. In addition, unless Defendants are enjoined by this Court, in view of the unrepentant

5    and continuing nature of Defendants' conduct, in order to obtain relief, unless the Court enjoins

6    this behavior, Plaintiffs will be required to file numerous civil actions for damages, leading to a

7    multiplicity of judicial proceedings.

8        76.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

9    Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

10   punish Defendants and deter others from engaging in similar misconduct.

11                               **FOURTH CAUSE OF ACTION**

12        **(Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)**

13       77.    Plaintiffs incorporate the allegations of paragraphs 1 through 76 above in this

14   Fourth Cause of Action as though fully set forth herein.

15       78.    Defendants have committed and continue to commit trademark infringement

16   through the unauthorized use, dissemination and publication of a document entitled "Hawk

17   Performance Motorcycle Application Guide", a true and correct copy of which is attached to

18   this Complaint as Exhibit "D". In this so-called Motorcycle Application Guide, Defendants use

19   and display confusingly similar derivations of the FA Family trademarks, using the precise

20   numeric portions thereof.

21       79.    Defendants have committed, and on information and belief, continue to commit,

22   the trademark infringements described in this Fourth Cause of Action to identify their goods for

23   the purpose of misleading the public and thereby enhancing the commercial value of their goods

24   and in order to solicit purchases of such goods.

25       80.    Plaintiffs are informed and believe and thereon allege that as a proximate result

26   of advantage accruing to Defendants' business from Plaintiffs' actions as described in this

27   Fourth Cause of Action, Defendants have made profits in unknown amounts to be determined in

28   the course of this action.

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

81.     As a proximate result of advantage accruing to Defendants' businesses from Plaintiffs' advertising, sales and consumer recognition, and as a proximate result of the confusion, mistake and deception caused by Defendants' actions as described in this Fourth Cause of Action, Plaintiffs have been deprived of substantial sales in amounts be determined in the course of this action.

82.     Plaintiffs are informed and believe that the Defendants threaten to and will, unless enjoined and restrained by order of this Court, continue to commit trademark infringements and deceptive practices as described in this Fourth Cause of Action, all with the described intent, for the described purposes and by the described means, whereby they are likely to and will, mislead and deceive members of the general public into the belief that the business, affairs and products of Defendants are related to or endorsed by the Plaintiffs.

83.     The actions and conduct of Defendants and each of them, as described in this Fourth Cause of Action have caused great and irreparable injury to Plaintiffs and the general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions.

84.     Unless Defendants are enjoined by this Court, the actions and conduct of Defendants and each of them, as described in this Fourth Cause of Action will continue to cause great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary compensation could not afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and/or the damage to Plaintiffs' reputation that Plaintiffs would proximately suffer from continued acts such as these, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions. In addition, unless Defendants are enjoined by this Court, in view of the unrepentant and continuing nature of Defendants' conduct, in order to obtain relief, unless the Court enjoins

1    this behavior, Plaintiffs will be required to file numerous civil actions for damages, leading to a

2    multiplicity of judicial proceedings.

3         85.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

4    Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

5    punish Defendants and deter others from engaging in similar misconduct.

6                              **FIFTH CAUSE OF ACTION**

7         **(Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)**

8         86.    Plaintiffs incorporate the allegations of paragraphs 1 through 85 above in this

9    Fifth Cause of Action as though fully set forth herein.

10        87.    Defendants' unauthorized use and infringement of the Freeman Parties'

11   trademarks also occurred on or before October 4, 2010, but not prior to the Freeman Parties'

12   use, and continue today as evidenced by, among other examples, said Defendants website at

13   *http://www.hawkperformance.com/download-s/brochurevtwin.pdf.* A true and correct copy of

14   the web page published at the referenced domain address as of November 22, 2012 is attached

15   to this Complaint as Exhibit "E".

16        88.    By committing the acts described in this Fifth Cause of Action, Defendants

17   infringe upon the Freeman Parties common law trademark rights to the following trademarks:

18   FA78, FA94, FA140, FA196, FA200, FA201, FA209, FA216, FA244, FA261, FA345, FA347,

19   FA381, FA387, FA400, FA409, FA424, FA434, FA467 and FA458.

20        89.    Defendants have committed, and on information and belief, continue to commit,

21   the trademark infringements described in this Fifth Cause of Action to identify their goods for

22   the purpose of enhancing the commercial value of their goods and in order to solicit purchases

23   of such goods.

24        90.    Plaintiffs are informed and believe and thereon allege that as a proximate result

25   of advantage accruing to Defendants' business from Plaintiffs' actions as described in this Fifth

26   Cause of Action, Defendants have made profits in unknown amounts to be determined in the

27   course of this action.

28   ///

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

91.    As a proximate result of advantage accruing to Defendants' businesses from Plaintiffs' advertising, sales and consumer recognition, and as a proximate result of the confusion, mistake and deception caused by Defendants' actions as described in this Fifth Cause of Action, Plaintiffs have been deprived of substantial sales in amounts be determined in the course of this action.

92.    Plaintiffs are informed and believe that the Defendants threaten to and will, unless enjoined and restrained by order of this Court, continue to commit trademark infringements and deceptive practices as described in this Fifth Cause of Action, all with the described intent, for the described purposes and by the described means, whereby they are likely to and will, mislead and deceive members of the general public into the belief that the business, affairs and products of Defendants are related to or endorsed by the Plaintiffs.

93.    The actions and conduct of Defendants and each of them, as described in this Fifth Cause of Action have caused great and irreparable injury to Plaintiffs and the general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions.

94.    Unless Defendants are enjoined by this Court, the actions and conduct of Defendants and each of them, as described in this Fifth Cause of Action will continue to cause great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary compensation could not afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and/or the damage to Plaintiffs' reputation that Plaintiffs would proximately suffer from continued acts such as these, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions. In addition, unless Defendants are enjoined by this Court, in view of the unrepentant and continuing nature of Defendants' conduct, in order to obtain relief, unless the Court enjoins this behavior, Plaintiffs will be required to file numerous civil actions for damages, leading to a

19

1   multiplicity of judicial proceedings.

2       95.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

3   Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

4   punish Defendants and deter others from engaging in similar misconduct.

5                   **SIXTH CAUSE OF ACTION**

6       **(Violation of Lanham Act (15 U.S.C. § 1051 *et seq.*) Against All Defendants)**

7       96.    Plaintiffs incorporate the allegations of paragraphs 1 through 95 above in this

8   Sixth Cause of Action as though fully set forth herein.

9       97.    Defendants' unauthorized use and infringement of the Freeman Parties'

10   trademark also occurred on or before October 4, 2010, but not prior to the Freeman Parties' use,

11   when said Defendants published upon the internet certain pages then hosted at the following

12   domain address: *http://www.diplomatpackaging.com/skin.html*. A true and correct copy of the

13   pages formerly published at some domain address are attached to this Complaint as Exhibit "F".

14       98.    By committing the acts described in this Sixth Cause of Action, Defendants

15   infringed upon the Freeman Parties' registered trademarks for "EBC", USPTO Reg. Nos.

16   1,845,542 and 3,369,177.

17       99.    Defendants committed the trademark infringements described in this Sixth Cause

18   of Action to identify their goods and services for the purpose of misleading the public and

19   thereby enhancing the commercial value of their goods and services and in order to solicit

20   purchases of such goods and services.

21       100.    Plaintiffs are informed and believe and thereon allege that as a proximate result

22   of advantage accruing to Defendants' business from Plaintiffs' actions as described in this Sixth

23   Cause of Action, Defendants have made profits in unknown amounts to be determined in the

24   course of this action.

25       101.    The actions and conduct of Defendants and each of them, as described in this

26   Sixth Cause of Action have caused great and irreparable injury to Plaintiffs and the general

27   public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of

28   potential customers, the damage to the distinctiveness of the referenced trademarks and the

1   damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the

2   public is not afforded any remedy for the deception and confusion caused by Defendants'

3   actions.

4          102.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

5   Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

6   punish Defendants and deter others from engaging in similar misconduct.

7                                **SEVENTH CAUSE OF ACTION**

8          **(Violation of Trademark Dilution Revision Act Against All Defendants)**

9          103.    Plaintiffs incorporate the allegations of paragraphs 1 through 102 above in this

10  Seventh Cause of Action as though fully set forth herein.

11         104.    The Freeman Parties have sold approximately thirty million sets of motorcycle

12  brakes that have been distinguished by the Freeman Parties' family of distinctive alphanumeric

13  trademarks. These distinctive and now famous valid trademarks have been used since 1978 in

14  the United Kingdom and since 1982 in the United States to distinguish and to identify goods

15  manufactured by the Freeman Parties.

16         105.    The usage by Defendants was and continues to be commercial in nature, has

17  been, and continues to be, used in commerce and said Defendants' use began after the mark

18  became famous as evidenced by information represented on Defendants' websites,

19  *http://www.hawkperformance.com/downloads/brochurevtw- in.pdf* and

20  *http://www.diplomatpackaging.com/skin.html*, posted on or before October 4, 2010 (*see* Exhibits

21  "E" and "F").

22         106.    Defendants usage of the Freeman Parties trademarks are also likely to cause

23  dilution of the Freeman Parties trademarks' distinctive qualities through blurring or tarnishment

24  in that, Defendants willfully intended to trade on the recognition of the Freeman Parties' famous

25  marks, thereby impairing the distinctiveness of the Freeman Parties' famous marks, and

26  Defendants willfully intended to harm the reputation of the Freeman Parties' famous mark and

27  their superior goods.

28  ///

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION; TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

107.   The aforementioned acts of Defendants were willful, fraudulent and malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## EIGHTH CAUSE OF ACTION

### (Violation of Anticybersquatting Consumer Protection Act

### (15 U.S.C. § 1125(d) *et seq.*) Against All Defendants)

108.   Plaintiffs incorporate the allegations of paragraphs 1 through 107 above in this Eighth Cause of Action as though fully set forth herein.

109.   The Freeman Parties are the rightful and legal owners of the domain, "*www.ebcbrakesusa.com*". The subject domain name includes the Freeman Parties' United States Patent and Trademark Office-registered trademarks, USPTO Reg. Nos. 1,845,542 and 3,369,177 for "EBC."

110.   Without regard to the goods or services of the Freeman Parties, on or about August 4, 2010, Mr. Harding, acting on his own behalf, as an officer of Defendant Diplomat and, upon information and belief, on behalf of Defendants Mrs. Harding, Hawk and the defendants sued as "Doe" defendants, took unauthorized steps to transfer the domain name, "*www.ebcbrakesusa.com*," into his ownership. Plaintiffs believe that said acts were done with bad faith intents to impede Plaintiffs' business and/or the success of Plaintiffs' businesses in order to facilitate the Defendants' entry to the market and to profit from Plaintiffs' mark. Accordingly, these actions constitute registration, trafficking in, and/or use of a domain name that is identical or confusingly similar to the Freeman Parties' mark in violation of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d) *et seq.*).

111.   The aforementioned acts of Defendants were willful, fraudulent and malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

///

///

///

22

## NINTH CAUSE OF ACTION

### (Common Law Conversion Against All Defendants)

112.   Plaintiffs incorporate the allegations of paragraphs 1 through 111 above in this Ninth Cause of Action as though fully set forth herein.

113.   Plaintiffs, the Freeman Parties, had clear legal ownership and/or right to possession of the subject domain, "*www.ebcbrakesusa.com*," at the time of the conversion.

114.   On or about August 4, 2010, Mr. Harding, acting on his own behalf, as an officer of Defendant Diplomat and, upon information and belief, on behalf of Defendants Mrs. Harding, Hawk and the defendants sued as "Doe" defendants, took unauthorized steps to transfer the domain name, "www.ebcbrakesusa.com," into his ownership. Defendants' said acts were wrongful and/or done with intent to interfere with the Freeman Parties' right to possession of subject domain.

115.   Although Defendants have transferred possession of the domain back to Plaintiffs, after receiving multiple demands from Plaintiffs and Plaintiffs' legal counsel, said wrongful acts by Defendants caused interference to the Freeman Parties' right to possession of the subject domain and proximately resulted in financial loss and/or dispossession.

116.   The aforementioned acts of Defendants were willful, fraudulent and malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## TENTH CAUSE OF ACTION

### (False Advertising (Bus. & Prof. Code §§ 17500 *et seq.*) Against All Defendants)

117.   Plaintiffs incorporate the allegations of paragraphs 1 through 116 above in this Tenth Cause of Action as though fully set forth herein.

118.   On or about April 26, 2010, Mr. Harding and Mrs. Harding, acting as Hawk's agents, created and circulated a photograph of six packages of products manufactured by the Freeman Parties, but fraudulently and deceptively repackaged to appear as Hawk-manufactured brake products. A true and correct copy of this referenced photograph is attached to this Complaint as Exhibit "B".

23

119.   Hawk's agents undertook these actions within the State of California as a part of concerted efforts to falsely advertise Hawk's brake pads and unfairly compete with the Freeman Parties.

120.   Said acts by Defendants were and continue to be intentional, and the usage by Defendants of derivations of the Freeman Parties' alphanumeric numbering system suggests that Freeman Parties have provided testing of or otherwise endorse Defendants goods to ensure conformity with original equipment manufactured products and machinery.

121.   The actions and conduct of Defendants and each of them, as described in this Tenth Cause of Action have caused great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions.

122.   The aforementioned acts of Defendants were willful, fraudulent and malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## ELEVENFTH CAUSE OF ACTION

### (False Advertising (Bus. & Prof. Code §§ 17500 *et seq.*) Against All Defendants)

123.   Plaintiffs incorporate the allegations of paragraphs 1 through 122 above in this Eleventh Cause of Action as though fully set forth herein.

124.   On or before October 4, 2010, Defendants published certain misrepresentations on the internet at the domain address:

*http://www.hawkperformance.com/downloads/brochurevtwin.- pdf.* A true and correct copy of the pages published on this domain address are attached to this Complaint as Exhibit "E". Plaintiffs are informed and believe that these published representations continue to be made as of the date that this Complaint is made. Plaintiffs are informed and believe that such representations are intended to convey to consumers the false impression, through the use of

24

1  derivations of the Freeman Parties' alphanumeric numbering system, the existence of a
2  relationship with, or endorsement by, the Freeman Parties. Hawk's agents undertook these
3  actions within the State of California as a part of concerted efforts to falsely advertise Hawk's
4  brake pads and unfairly compete with the Freeman Parties.

5      125.   Said acts by Defendants were and continue to be intentional, and the usage by
6  Defendants of derivations of the Freeman Parties' alphanumeric numbering system falsely
7  suggests that Freeman Parties have provided testing of or otherwise endorse Defendants goods
8  to ensure conformity with original equipment manufactured products and machinery.

9      126.   The actions and conduct of Defendants and each of them, as described in this
10 Eleventh Cause of Action have caused great and irreparable injury to Plaintiffs and to the
11 general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the
12 loss of potential customers, the damage to the distinctiveness of the referenced trademarks and
13 the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the
14 public is not afforded any remedy for the deception and confusion caused by Defendants'
15 actions.

16     127.   The aforementioned acts of Defendants were willful, fraudulent and malicious.
17 Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to
18 punish Defendants and deter others from engaging in similar misconduct.

19                          **TWELFTH CAUSE OF ACTION**

20     **(False Advertising (Bus. & Prof. Code §§ 17500 *et seq.*) Against All Defendants)**

21     128.   Plaintiffs incorporate the allegations of paragraphs 1 through 127 above in this
22 Twelfth Cause of Action as though fully set forth herein.

23     129.   Plaintiffs are informed and believe that the Defendants' representations published
24 on the internet at the domain address, *http://www.diplomatpackaging.com/skin.html* on or before
25 October 4, 2010 were intended to convey to consumers the false impression, through the use of
26 derivations of the Freeman Parties' trademarks, Plaintiffs' trade name and registered trademark,
27 and the goodwill associated with them, of the existence of a continuing relationship with, or
28 present endorsement by, the Freeman Parties. These actions were undertaken within the State of

1  California as a part of concerted efforts to falsely advertise Hawk's brake pads and unfairly

2  compete with the Freeman Parties.

3      130.    The actions and conduct of Defendants and each of them, as described in this

4  Twelfth Cause of Action have caused great and irreparable injury to Plaintiffs and to the general

5  public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of

6  potential customers, the damage to the distinctiveness of the referenced trademarks and the

7  damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the

8  public is not afforded any remedy for the deception and confusion caused by Defendants'

9  actions.

10     131.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

11  Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

12  punish Defendants and deter others from engaging in similar misconduct.

13                     **THIRTEENTH CAUSE OF ACTION**

14     **(False Advertising (Bus. & Prof. Code §§ 17500 *et seq.*) Against All Defendants)**

15     132.    Plaintiffs incorporate the allegations of paragraphs 1 through 131 above in this

16  Thirteenth Cause of Action as though fully set forth herein.

17     133.    The acts of Defendants in distributing a letter dated April 26, 2010, to the

18  Freeman Parties' contracting partners, customers and consumers, a true and correct copy of

19  which is attached to this Complaint as Exhibit "G", grossly misrepresents Defendants' past

20  involvement with the Freeman Parties. The claim that the Freeman Parties' products were

21  pioneered, housed and operated in Defendants' facility in Sylmar, California is patently false.

22  The Freeman Parties' products were not pioneered, housed or operated by said Defendants or

23  from their facility.  These actions were undertaken within the State of California as a part of

24  concerted efforts to falsely advertise Hawk's brake pads and unfairly compete with the Freeman

25  Parties.

26     134.    The actions and conduct of Defendants and each of them, as described in this

27  Thirteenth Cause of Action have caused great and irreparable injury to Plaintiffs and to the

28  general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the

1  loss of potential customers, the damage to the distinctiveness of the referenced trademarks and

2  the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the

3  public is not afforded any remedy for the deception and confusion caused by Defendants'

4  actions.

5       135.    The aforementioned acts of Defendants were willful, fraudulent and malicious.

6  Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to

7  punish Defendants and deter others from engaging in similar misconduct.

8  **FOURTEENTH CAUSE OF ACTION**

9  **(Unfair Competition (Bus. & Prof. Code 17200 *et seq.*) Against All Defendants)**

10       136.    Plaintiffs incorporate the allegations of paragraphs 1 through 135 above in this

11  Fourteenth Cause of Action as though fully set forth herein.

12       137.    Plaintiffs are informed and believe that the acts undertaken by Defendants, *inter*

13  *alia*, in repackaging the Freeman Parties' EBC brake products to appear as Hawk's goods were

14  intended to suggest to consumers and distributors that the Freeman Parties are manufacturing

15  brake products for Hawk (and for distribution by Hawk). No such manufacturing agreement

16  exists between the parties.

17       138.    Said acts are unlawful, unfair and fraudulent, in that they involved and continue

18  to involve intentional deception by said Defendants, theft of the Freeman Parties' carefully

19  cultivated goodwill, amount to "free-riding" of the Freeman Parties' efforts without adequate

20  compensation, create consumer and distributor confusion, potentially at the peril of human lives,

21  upset Plaintiffs' distributor relationships and constitute unfair competition in violation of

22  Section 17200 of the Business and Professions Code.

23       139.    The actions and conduct of Defendants and each of them, as described in this

24  Fourteenth Cause of Action have caused great and irreparable injury to Plaintiffs and to the

25  general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the

26  loss of potential customers, the damage to the distinctiveness of the referenced trademarks and

27  the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the

28

27

1  public is not afforded any remedy for the deception and confusion caused by Defendants'
2  actions.

3      140.   The aforementioned acts of Defendants were willful, fraudulent and malicious.
4  Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to
5  punish Defendants and deter others from engaging in similar misconduct.

6                    **FIFTEENTH CAUSE OF ACTION**

7      **(Unfair Competition (Bus. & Prof. Code 17200 *et seq.*) Against All Defendants)**

8      141.   Plaintiffs incorporate the allegations of paragraphs 1 through 140 above in this
9  Fifteenth Cause of Action as though fully set forth herein.

10      142.   The acts committed by Defendants violating the Anticybersquatting Consumer
11  Protection Act were unlawful, unfair and fraudulent, in that they involved the intentional
12  deception and conversion of Plaintiff's property by said Defendants, and constitute unfair
13  competition in violation of Section 17200 of the Business and Professions Code.

14      143.   The actions and conduct of Defendants and each of them, as described in this
15  Fifteenth Cause of Action have caused great and irreparable injury to Plaintiffs and to the
16  general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the
17  loss of potential customers, the damage to the distinctiveness of the referenced trademarks and
18  the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the
19  public is not afforded any remedy for the deception and confusion caused by Defendants'
20  actions.

21      144.   The aforementioned acts of Defendants were willful, fraudulent and malicious.
22  Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to
23  punish Defendants and deter others from engaging in similar misconduct.

24                    **SIXTEENTH CAUSE OF ACTION**

25      **(Unfair Competition (Bus. & Prof. Code 17200 *et seq.*) Against All Defendants)**

26      145.   Plaintiffs incorporate the allegations of paragraphs 1 through 144 above in this
27  Sixteenth Cause of Action as though fully set forth herein.

28

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION; TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

146.    The Defendants' acts as set forth in this Complaint violated laws protecting the Freeman Parties' trademarks and other intellectual property rights. Said acts were unlawful, unfair and fraudulent, in that they involved and continue to involve intentional deception by said Defendants, theft of the Freeman Parties' carefully cultivated goodwill, amount to "free-riding" of the Freeman Parties' efforts without adequate compensation, intentionally create consumer confusion, potentially at the peril of human lives, and constitute unfair competition, individually and/or collectively, in violation of Section 17200 of the Business and Professions Code.

147.    The actions and conduct of Defendants and each of them, as described in this Sixteenth Cause of Action have caused great and irreparable injury to Plaintiffs and to the general public since (a) pecuniary compensation cannot afford Plaintiffs adequate relief for the loss of potential customers, the damage to the distinctiveness of the referenced trademarks and the damage to Plaintiffs' reputation that Plaintiffs have proximately suffered thereby, and (b) the public is not afforded any remedy for the deception and confusion caused by Defendants' actions.

148.    The aforementioned acts of Defendants were willful, fraudulent and malicious. Plaintiffs are therefore entitled to an award of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct

## PRAYER FOR JUDGMENT

WHEREFORE, plaintiffs pray for judgment as follows:

1.    For a temporary restraining order, preliminary injunction and permanent injunction enjoining defendants and their principals, officers, agents, servants, employees, attorneys and those in active concert or participation with them from:

a.    Using or continuing to use the alphanumeric designation system described in this Complaint as the "FA Family Trademarks", and/or all other trademarks, designations or systems of designation derived from or confusingly similar to such FA Family Trademarks (specifically including the marks or designations identified in paragraphs 44 and 67 of this Complaint).

b.    Using or continuing to use any references to the Freeman Parties in

29

**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION; TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION**

1  marketing, advertising and other communications in any manner falsely suggestive of

2  Defendants' involvement in the pioneering, manufacture or development of the Freeman

3  Parties' brake products, or that the Defendants have an ongoing relationship with, or

4  endorsement from, the Freeman Parties.

5          c.    Using or continuing to use any marketing, advertising, communications

6  or other practices that state, suggest or imply that the Defendants' products are manufactured by

7  Plaintiffs, have been tested or otherwise endorsed by Plaintiffs or that Defendants' products

8  have any other relationship with Plaintiffs or Plaintiffs' products, or that might cause consumers

9  to become confused as to the manufacturing source of Defendants' products.

10      2.    For actual damages in an amount according to proof but currently believed to

11  exceed $500,000;

12      3.    For general damages according to proof;

13      4.    For special damages according to proof;

14      5.    For punitive and exemplary damages;

15      6.    For restitution according to proof;

16      7.    For attorney's fees;

17      8.    For costs of suit herein incurred; and

18      9.    For such other and further relief as the court may deem just and proper.

19

20                          SCHLEY LOOK GUTHRIE & LOCKER LLP

21

22  Dated: November 26, 2010         By: _____

23                                  Brett Locker
                                Attorneys for Plaintiffs Andrew Freeman,

24                                  Freeman Automotive (UK) Limited, EBC
                                Brakes USA, Inc.

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; UNFAIR COMPETITION;
TRADEMARK DILUTION; CYBERSQUATTING; CONVERSION

1

## TABLE OF EXHIBITS

2

3          **EXHIBIT "A"**          USPTO Registration Certificates for USPTO Reg. Nos. 1,845,542
                                    and 3,369,177 for "EBC"
4

5          **EXHIBIT "B"**          Copy of photograph of brake pad manufactured by the Freeman
                                    parties, but the Defendants repackaged in Hawk packaging
6

7          **EXHIBIT "C"**          2010 Hawk MC Price Sheet with WE REV2 4/19/2010

8
           **EXHIBIT "D"**          2010 Hawk Motorcycle Applications
9

10         **EXHIBIT "E"**          Copy of web page published at the domain name:
                                    *http://www.hawkperformance.com/download-s/brochurevtwin.pdf.*
11                                  as of November 22, 2012

12
           **EXHIBIT "F"**          Copy of pages formerly published pages at the domain name: :
13                                  *http://www.diplomatpackaging.com/skin.html.*

14
           **EXHIBIT "G"**          Introductory letter on "Hawk" letterhead
15

16

17

18

19

20

21

22

23

24

25

26

27

28